OPINION OF THE COURT
Nat H. Hentel, J.
Defendant moves to dismiss an indictment for failure of the People to afford him his constitutional and statutory rights as reflected in CPL 30.30 (subd 1, par [a]) (speedy trial).
*995 The court heard oral argument on this motion, and the following timetable of events is undisputed:
(1) Defendant was arrested and arraigned on a felony complaint in Kings County Criminal Court on May 30, 1977. The matter was adjourned for all purposes to June 23, 1977.
(2) On June 23, 1977, People requested an adjournment on the ground that authorization from the New York State Special Prosecutor’s office was required in order to proceed in this matter inasmuch as an alleged bribery of a police officer was involved. Defendant was ready to proceed on this date. However, the matter was adjourned to July 27, 1977, and charged to the People.
(3) On July 27, 1977, People were not ready for the same reason stated above, and an adjournment to September 19, 1977, was again charged to the People after defendant reiterated his readiness to proceed.
(4) On September 19, 1977, October 24, 1977, and November 10, 1977, People were not similarly ready for the reason stated previously.
(5) On November 10, 1977, the Kings County Criminal Court dismissed the case for failure to prosecute.
(6) On April 3, 1978, almost five months after dismissal, defendant learned for the first time that an arrest warrant had been issued for him under an indictment containing a single count of bribery in the second degree which charge had previously been dismissed. This indictment had been filed on February 24, 1978. Defendant voluntarily surrendered to the authorities and was arraigned under the indictment on April 6, 1978. Six weeks elapsed between the filing of the indictment and the arraignment. The court notes with interest the holding in People v Sims (59 AD2d 546), with respect to this six-week period: "There * * * the * * * indictment * * * languished in the files * * * due to a clerical error * * * Certainly it is not too burdensome to require the District Attorney to keep in touch with the progress of a particular case. It is his office that decides to proceed by bench warrant and, if the same has not been executed within a reasonable time, it should be on notice that something is amiss and that if some action is not taken, the case will be dismissed pursuant to CPL 30.30.”
Defendant contends that he is entitled to the relief requested on the ground that People were not ready for trial within six months from the date of his initial arrest — the *996 alleged commencement of judicial criminal proceedings herein.
People contend the dismissal in Criminal Court on November 10, 1977 concluded that initial criminal proceeding, and that the filing of the indictment on February 24, 1978 commenced a new criminal proceeding. Thus, the latter date represents the milestone from which the six-month period under CPL 30.30 (subd 1, par [a]) should commence tolling.
The motion to dismiss the indictment is granted.
It is clear from the legislative intent reflected in the passage of CPL 30.30, and from the commentaries thereon, that this State intends to guarantee a speedy trial to all accused of crime where the District Attorney and not the defendant is at fault with respect to the delay (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, 1977-1978 Pocket Part, pp 38-43; People v Capparelli, NYLJ, May 18, 1978, p 14, col 1).
The Legislature afforded no escape avenues other than those stated particularly in the statute itself (CPL 30.30, subd 4, par [g]). Further, it is clear that the Legislature enunciated a compelling public policy in this section designed to protect presumably innocent persons against long-continuing accusations which cloud reputations and impair ability to function as free citizens. The Legislature, in its wisdom, decided that a six-month period was sufficient time within which to bring a person accused of crime to trial (see CPL 30.30, subd 4, par [b]) which takes "into account the public interest in the prompt dispositions of public charges”). Here, we do not have the situation of the accused seeking continuances or other trial delay. In fact, defendant was ready to proceed at all times. It was only the District Attorney who failed to be ready for trial.
One court has dismissed the initial felony complaint for failure to prosecute. Does this then wipe the slate clean and permit People to start a new six-month period tolling upon the filing of an indictment during which time it may proceed to prosecute at leisure or will? I think not! To hold otherwise would allow the prosecutor a greater period of time than allowed under statute within which to be ready for trial thereby extending the legislative protection involved. In computing the period between the commencement of a criminal action and the time when the People must be ready for trial, the criminal action is deemed commenced by the filing of a felony complaint notwithstanding that the felony complaint is *997 superseded by an indictment. (People v Kent, 87 Misc 2d 69.) The clear meaning of the statute and its intent should, therefore, not be thwarted by such an expediment.
"CPL 30.30 is a mandatory provision pursuant to which a motion to dismiss must be granted where the People are not ready for trial within the specified period of time unless the delay is excludable under one of the subdivisions of the act.” (People v Saunders, 84 Misc 2d 467, 470; see, also, People v Sturgis, 38 NY2d 625; People v Cahill, 54 AD2d 938.) Without this legislative time stricture, a prosecutor would be free to prosecute at his own pace or at will without regard to the possible deleterious effect which could be visited upon those accused of crime. Such prosecution would tend to tyrannize citizens accused of crime by mere inactivity, and thus destroy their ability to pursue occupations and happiness with free mind. Judge Wachtler of the Court of Appeals in People v Johnson (38 NY2d 271, 277-279) used the following language appropriate to this matter: "The delay then cannot be attributed to the needs of preparing a serious charge for trial, but rather to the prosecutor’s * * * pursuit of his own priority system * * * [S]ince the State initiates the action, it is the State’s duty to see that the defendant is promptly brought to trial”. (See, also, People v Prosser, 309 NY 353; People v Moore, 63 AD2d 602.)
Here, the prosecutor seeks to excuse tardiness in proceeding to trial by virtue of the fact that he was required to obtain permission of the State Special Prosecutor. Suffice to say, the Special Prosecutor and the District Attorney are both equally bound to obey the law (cf. People v Weiner, 63 AD2d 722). By the Special Prosecutor withholding timely permission to proceed, defendant and the law of the State were denied their just due.
This case does not represent one of remarkable complexity. It only involves, apparently, defendant and a police officer. There is no showing that the police officer was or is unavailable to testify, nor is there any showing that crucial evidence is unavailable, difficult to develop or produce (see CPL 30.30, subd 3, par [b]).
There are recent cases which appear to require the defendant to demonstrate prejudice by virtue of delay in addition to the statutory delay claimed as a requisite for granting "speedy trial” relief (see People v Dawson, NYLJ, May 22, 1978, p 14, col 6; People v Rivera, NYLJ, June 1, 1978, p 11, col 6; People *998 v Moore, supra; People v Clark, NYLJ, Feb. 10, 1978, p 12, col 2).
In this case, defendant has not shown "prejudice” by-virtue of the delay. This court, however, holds that prejudice such as is noted in the cases cited above, is not an element essential to the application for the granting of the relief requested. If it were, the Legislature would have made it such. The court takes judicial notice that prejudice can result from failure to obey the statutory mandate to afford speedy trials and prosecutions in consonance with the Sixth Amendment of the United States Constitution (see People v Clark, supra; Barker v Wingo, 407 US 514).
The tenor of CPL 30.30 is to set reasonable limitations within which the prosecution must act with the exception of the few well-defined exemptions. The Legislature apparently contemplated that memories of witnesses may falter with the passage of time, that witnesses may die, become disabled, or leave the jurisdiction, and that evidence may become lost or stale. Thus, the right to a fair and speedy trial to determine the validity of an accusation of crime is lost, in effect, if there is unwarranted delay. In this State, unwarranted, unexplained and inexcusable delay in prosecution is limited to six months from the date of inception of criminal proceedings. In this case that event occurred at the time of initial arrest on May 30, 1977. The delay, therefore, in this case totals more than 10 months and thus exceeds the permissible time allowed under statute. Prejudice is inherent in delay.
Defendant is entitled under his motion to the dismissal of the indictment.