■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KEVIN FISHER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 20, 1977, convicting him of two counts each of robbery in the first degree and attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have fully examined the record and the *pro se* arguments of the defendant and find those arguments to be without merit. We agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Cruz,* 65 AD2d 822; cf. *People v Gonzalez,* 47 NY2d 606). Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HYMAN, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Westchester County, imposed April 9, 1979, upon his adjudication as a youthful offender, the sentence being a definite term of one year. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a period of imprisonment of 60 days and probation for an additional 4 years and 10 months. As so modified, sentence affirmed and case remitted to Criminal Term to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated. O'Connor, J. P., Lazer and Rabin, JJ., concur. Mangano, J., dissents and votes to affirm the sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD KEATON, Appellant.—Judgment of the Supreme Court, Queens County, rendered October 28, 1977, affirmed (see *People v Francis,* 38 NY2d 150). Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUBY OSGOOD, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered September 1, 1978, which granted defendant's motion to dismiss the indictment upon the ground that the People were not ready for trial within six months of the commencement of this action as required by CPL 30.30 (subd 1, par [a]). Order reversed, on the law, and motion to dismiss the indictment denied. CPL 1.20 (subd 17) and CPL 100.05 both provide that a criminal action is commenced by the filing of an accusatory instrument with a criminal court, and CPL 30.30 (subd 1, par [a]) requires the People to be ready for trial within six months "of the commencement of a criminal action". However those sections do not apply to a case in which, as here, there has been no holding of the defendant by the criminal court for the action of the Grand Jury, but rather a dismissal of the complaint by that court (see CPL 100.05; 30.10, subd 4, par [b]; *People v Steadman,* 57 AD2d 1083; *People v McBride,* 64 AD2d 873; *People v Hall,* 64 AD2d 1034). Insofar as *People v Rodney* (94 Misc 2d 994) holds to the contrary, it is disapproved. Mollen, P. J., Hopkins, Damiani, Titone and Shapiro, JJ., concur.