OPINION OF THE COURT
Frederic S. Berman, J.
The defendant is charged with the crime of criminal sale of a controlled substance in the third degree. This is a motion to dismiss the indictment upon the ground that the defendant has been denied his right to a speedy trial. (CPL 170.30, subd 1, par [d]; 210.20, subd 1, par [g].)
The issue is, where a felony complaint is dismissed in the Criminal Court, and subsequently an indictment is filed with the Supreme Court, does the speedy trial limiting period (CPL 30.30) commence with the filing of the felony complaint or *382 with the filing of the indictment? Diligent research by this court has failed to disclose a decision dealing with this precise issue by either the Court of Appeals or the Appellate Division, First Department, thus making this an apparent case of first impression in the First Department.
The facts of the case are not complex. The defendant was arrested, and a felony complaint was filed with the Criminal Court on October 19, 1978. The complaint was dismissed on December 12, 1978, for failure to prosecute. On March 1, 1979, an indictment was filed with the Supreme Court. The People were ready to proceed to trial on August 8, 1979.
It is the position of both sides that the timeliness of the prosecution of this case hinges on whether the time limits involved are to be measured from the filing of the first or the second accusatory instrument.
Whereas the facts of this case are simple, the law is not. We begin our inquiry with CPL 30.30 (subd 1, par [a]) which states that the commencement of the criminal action marks the beginning of the six-month limiting period. Commencement in turn is defined in CPL 1.20 (subd 17) as follows: "A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.” A similar definition is found in CPL 100.05.
This section has been interpreted in People v Osgood (71 AD2d 1030) to mean that where the Criminal Court holds a defendant for action by a Grand Jury and an indictment is subsequently filed with a Supreme Court, the felony complaint marks the commencement of the action. However, where the felony complaint is dismissed, there is not an action in existence when the indictment is filed, and the indictment marks the commencement of a totally new six-month period.
To like effect are People v Cullen (99 Misc 2d 646), People v Nizza (95 Misc 2d 74), and People v Laskowski (72 Misc 2d 580).
The confusion in this area of the law arises from the holdings in People v Rodney (94 Misc 2d 994) and the language in several decisions by the United States Supreme Court and our own Court of Appeals. In Rodney (supra) the court held that where the initial felony complaint was dismissed for failure to prosecute and a subsequent indictment charging the same offense was filed, the six-month period *383 continued to run from the commencement of the initial criminal proceedings.
The position of the court in Rodney (supra), while finding support in the language of several other cases, was specifically rejected by a higher court in the recent case of People v Osgood (supra).
Other courts have held "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment” (United States v Marion, 404 US 307, 320-321); "Once a suspect has been proceeded against in some sort of judicial proceeding as an accused, either by arrest, indictment, or other pretrial proceeding, he is entitled, in the absence of prosecutorial justification or excuse, to reasonably prompt prosecution of the charges against him” (People v Staley, 41 NY2d 789, 790); "A defendant’s right to a speedy trial, guaranteed both by Constitution * * * and by statute * * * is violated if there is an excessive delay between institution of the prosecution — whether by felony information or complaint, detainer warrant or indictment — and the trial [citations omitted]” (People v White, 32 NY2d 393, 397).
All of these cases, with the exception of People v Staley (supra) can be distinguished by the fact that there was not an intervening dismissal between arrest and indictment. In Staley (supra) the Court of Appeals was faced with such a dismissal. Rather than hold that the six-month period commenced with the original arrest (see dissenting opn per Gabrielli, J., and People v Staley, 52 AD2d 1056), the court decided the case on due process grounds. The due process requirement of a prompt prosecution is broader than the right to a speedy trial guaranteed by statute (People v Singer, 44 NY2d 241).
This court holds that the due process clause of the Constitution adequately protects the speedy trial rights of a defendant who is indicted within three months following the dismissal of charges in the Criminal Court. In so holding, we are in agreement with the reasoned opinion in People v Cullen (99 Misc 2d 646, 649, supra) wherein the court stated "that the term 'commencement of a criminal action,’ is a word of art that must be analyzed by construing the statutory language according to its natural and most obvious sense, without resorting to an artificial or forced construction.”
*384 Consequently, this court is satisfied that based upon the facts herein, and in accordance with the authority set forth in (Osgood (71 AD2d 1030, supra), the period of time as prescribed in the "speedy trial” rule commenced with the filing of the indictment. That period between the filing of the indictment and the date on which the People were prepared for trial was well within the six-month period.
For all of the above reasons the motion to dismiss the indictment is denied.