■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY O'BRIEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 6, 1977, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of defendant's motion to dismiss the indictment on the ground of denial of a speedy trial as required by statute and the due process clauses of the State and Federal Constitutions. By order dated December 18, 1979, this court remitted the case to Criminal Term to hear and report on defendant's motion to dismiss the indictment upon the ground of denial to him of his right to a speedy trial and directed that the appeal be held in abeyance in the interim *(People v O'Brien,* 73 AD2d 656). Criminal Term has now complied and rendered a report in accordance therewith, and has concluded that defendant was neither denied his constitutional nor statutory right to a speedy trial. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Although we are in agreement with the Criminal Term's findings and conclusions, that defendant was neither denied his statutory nor constitutional right to a speedy trial, we nevertheless reverse the judgment of conviction and order a new trial to the defendant due to an error in the court's charge. Defendant's indictment for, and conviction of, the crimes of criminal possession of a weapon in the second degree pursuant to section 265.03 of the Penal Law ("with intent to use the same unlawfully against another") and reckless endangerment in the first degree, pursuant to section 120.25 of the Penal Law, arose out of an incident which occurred in the early morning hours of June 24, 1975, in Astoria, Queens. The People's witnesses testified that defendant had initiated an altercation with them, and had pulled a gun and pointed it at them stating, "hey you Greeks, I am going to kill every one", "I will kill you". However, the defendant took the stand in his own behalf and testified, *inter alia,* that during the fight a tall man struck him in the side with a gun and that when

he grabbed the gun away from the tall man, thereby displaying it, everyone turned around and ran. Defendant further testified that the gun was in his possession for only two or three seconds and that he never menaced anyone with it. When he saw the police arrive, he threw it into a dumpster, since he feared that the police would arrest him and charge him with criminal possession of a weapon. Thus, a substantial issue was presented to the jury as to the nature of defendant's possession of the gun and his intention, if any, with respect thereto. In its instruction to the jury with respect to "intent", the trial court gave the following example of what constitutes legally sufficient evidence of criminal intent: "But sometimes I give an example to a jury of intent. What do we mean by intent? I'll give you a shining example. If A hits B on the head with a hammer, A comes into court. He said, 'I didn't mean to hurt B.' Let me tell you something: When A hit B on the head with a hammer, what do you think he intended to do? You don't test out a hammer on a man's head. How are we going to dope out here, what do we mean by intent? What did he intend to do? That takes care of the definition of intent. O'Brien took the stand and he said, 'I didn't intend. I just pointed the gun and they ran.' " It was error for the court to give the foregoing example to the jury. In *People v Holiday* (70 AD2d 645) a virtually identical example was given by the court to the jury. Despite the absence of any objection, this court reversed the judgment of conviction stating: "In our opinion, the foregoing 'example' had no application to the facts of the instant case and served only to discredit the defendant's contention that he had struck the complainant accidentally." Similarly, the example of the hammer in the case at bar may have invited the jury to convict even if they believed defendant's version of the event—the similarity of displaying a gun and hitting a person on the head with a hammer, might have led the jury to conclude that defendant intended to use the gun unlawfully. Accordingly, the judgment must be reversed and a new trial ordered. Hopkins, J. P., Cohalan and Martuscello, JJ., concur.

Lazer, J., concurs insofar as the majority has voted to reverse the judgment, but otherwise dissents and votes to dismiss the indictment, with the following memorandum: Although I concur in reversal, I differ from my colleagues as to the need for a new trial. I would dismiss the indictment on speedy trial considerations. On the basis of *People v Lomax* (50 NY2d 351), I conclude that the 106-day period between the filing of the felony complaint (which was dismissed) and the filing of the indictment must be added to the 140 postindictment days of delay already chargeable to the People. When the two mentioned periods are totaled, the six-month mandate of CPL 30.30 is exceeded and dismissal is required.