OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant seeks a reversal of his conviction on the ground that he was denied his right to a speedy trial. To the extent that his motion for dismissal of the indictment was based on the failure of the People to be ready for trial in conformity with the prescriptions of CPL 30.30, his plea of guilty operated as a waiver of his statutory right to any dismissal (People v Brothers, 50 NY2d 413, 418). Even in the absence of a waiver, the Appellate Division was warranted in concluding that the period of time to be excluded in consequence of the plea bargaining arrangement extended into December, 1977, thereby reducing the period of the People’s delay in being ready for trial to less than the statutorily prescribed six months.
As to defendant’s claim that he was denied his constitutional right to a speedy trial (CPL 30.20), the proof, which shows a total elapsed time of a few days more than a year, during no part of which was he incarcerated, and seven months of which, it has been found, are attributable not to the People but to defendant’s participation in the plea bargaining arrangement, falls far short of demonstrating constitutional deprivation (People v Taranovich, 37 NY2d 442).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.