■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SCOTT, Appellant.—Judgment unanimously affirmed. Memorandum: *People v Friscia* (51 NY2d 845) is dispositive of defendant's CPL 30.30 claim. Further, the record does not establish that defendant's constitutional right to a speedy trial was abridged *(People v Taranovich,* 37 NY2d 442; CPL 30.20). (Appeal from judgment of Erie County Court—robbery, third degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Doerr, JJ.

■ In the Matter of JAMES T. HALL, Petitioner, v GEORGE A. REED, as Judge of the Ontario County Court, Respondent.—Application unanimously denied and petition dismissed, without costs. (Article 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Doerr, JJ.

■ ELEANOR CICCARELLA, Appellant, v ROSE MCCARTHY, Respondent.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Under the circumstances it was an abuse of discretion for Special Term in vacating the default judgment not to require that the judgment remain as security for any recovery plaintiff might obtain (see *Rawson v Austin,* 49 AD2d 803). The order is modified to include such requirement as a condition and plaintiff is stayed from any enforcement of the judgment pending determination of the action. (Appeal from order of Erie Supreme Court—vacate default judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Doerr, JJ.

■ In the Matter of FRANCIS BILLS, Appellant, v TOWN OF SOUTH BRISTOL, Respondent.—Judgment unanimously affirmed, without costs, without prejudice to petitioner to make an application under Local Law No. 1 of the Local Laws of the year 1975, known as the Junk Yard Law of the Town of South Bristol. (Appeal from judgment of Ontario Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Doerr, JJ.

■ In the Matter of ANTHONY SYLVESTER, as Commissioner of Social Services, Respondent, v LOREN LANSDOWNE, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: The order of support failed to comply with the requirements of subdivision 4 of section 440 of the Family Court Act and the court was, therefore, without jurisdiction to adjudge appellant guilty of contempt for a willful failure to obey it. (See *Barreca v Barreca,* 77 AD2d 793.) (Appeal from order of Cayuga County Family Court—support, contempt.) Present—Dillion, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.