plaintiff suffered " 'Serious injury' " is a question of fact that should await trial *(Sanders v Rickard, supra)*. When defendants, in support of their summary judgment motion, submit the affidavit of a physician who examined plaintiff and found no "dismemberment, significant disfigurement, compound or comminuted fracture, or permanent loss of use of a body organ, member, function or system," thereby disproving any " 'Serious injury' " within subdivision 4 of section 671 of the Insurance Law, it is plaintiff's burden to demonstrate the existence of a genuine factual issue *(Simone v Streeben, supra)*. The majority maintain that where plaintiff herein, in opposing defendants' summary judgment motion, merely submits the affidavit of his attorney which contains an unsubstantiated statement that serious injury was sustained within the meaning of the Insurance Law, summary judgment is properly granted *(Simone v Streeben, supra;* cf. *Sanders v Rickard, supra)*. I take no exception to the majority's reliance on the rules promulgated in this department. My disagreement is founded upon the initial failure herein of defendant to show that plaintiff did not in fact sustain a " 'Serious injury' " within the purview of the statute. I submit that upon a close reading of defendant's examining physician's affidavit one should reasonably conclude that plaintiff suffers a permanent loss of function. This acknowledgment by the doctor that the plaintiff has sustained a relative loss of motion between C-6 and C-7 which often is seen after this type of injury and that Mrs. Shaffer has some muscle soreness on the right side and local tenderness demonstrates the possibility that there is at least a question of fact as to the seriousness of the injury. It seems to me, therefore, that summary judgment is too harsh a remedy and in this situation the plaintiff should not be precluded from having a jury decide whether or not she has sustained a serious injury. (Appeal from order and judgment of Stuben Supreme Court — summary judgment.) Present — Dillon, P. J., Cardamone, Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD NELSON, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed. Memorandum: Defendant seeks a reversal of his conviction on the ground that he was denied his right to a speedy trial pursuant to CPL 30.20, 30.30 and 580.20 (agreement on detainers). We find his plea of guilty operated as a waiver of his right to dismissal *(People v Friscia,* 51 NY2d 845; *People v Scott,* 79 AD2d 885). Although the Court of Appeals in *People v Friscia (supra)* suggested that the waiver of statutory speedy trial claims (CPL 30.30) and constitutional speedy trial claims (CPL 30.20) may be viewed differently, it is clear that a defendant may waive his constitutional claim *(People v White,* 32 NY2d 393, 399; *People v Cranmer,* 55 AD2d 786; *People v White,* 33 AD2d 217, 221), and we hold that defendant by his plea waived here on all grounds. Even in the absence of waiver, however, we conclude that defendant has failed to support his claim on either a statutory or constitutional ground. (Appeal from judgment of Erie Supreme Court — attempted promoting prostitution, third degree.) Present — Simons, J. P., Hancock, Jr., Schnepp, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD NELSON, Appellant. (Appeal No. 2.) — Judgment unanimously affirmed. Same memorandum as in *People v Nelson* (79 AD2d 1093). (Appeal from judgment of Erie Supreme Court — permitting prostitution.) Present — Simons, J. P., Hancock, Jr., Schnepp, Callahan and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD NELSON, Appellant. (Appeal No. 3.) — Judgment unanimously affirmed. Same memorandum as in *People v Nelson* (79 AD2d 1093). (Appeal from judgment of Erie