■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL M. HOWE, Appellant. — Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment of conviction after a guilty plea to burglary in the third degree (Penal Law, § 140.20), asserting that he was denied his right to a speedy trial. This action was commenced on May 29, 1979, when a felony complaint was filed against defendant (CPL 1.20, subd 17). Defendant contends that seven months and six days passed between the filing of the felony complaint and his arraignment on the indictment, January 4, 1980, and therefore he is entitled to a dismissal pursuant to CPL 30.30. The People, relying upon *People v Friscia* (51 NY2d 845), maintain that defendant by his plea of guilty has waived his statutory right to a dismissal (see, also, *People v Scott,* 79 AD2d 885; *People v Nelson,* 79 AD2d 1093). CPL 30.30 (subd 1, par [a]) mandates dismissal of the indictment where the People are not ready for trial within six months of the commencement of a criminal action and fail to establish periods of exclusion under the statute *(People v Washington,* 43 NY2d 772). The record discloses that at the time defendant entered his plea of guilty to the count of burglary in the third degree, he reserved his right of review on the speedy trial issue. The record, however, contains no finding or conclusion concerning the seven months and six days' delay between the filing of the felony complaint and arraignment. Since the burden is on the People to establish the periods of exclusion under CPL 30.30 (subd 4), the case is remitted for a hearing and appropriate findings in accordance with CPL 30.30 (subd 4) *(People v Williams,* 67 AD2d 1094). (Appeal from judgment of Onondaga County Court — burglary, third degree.) Present — Cardamone, J. P., Simons, Callahan, Doerr and Schnepp, JJ.