■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RODRIQUEZ, Appellant. — Appeal by defendant (1) from a judgment of the County Court, Rockland County, rendered October 16, 1979, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence and, (2) by permission, from an order of the same court dated May 9, 1980, denying his motion to vacate the judgment. Judgment and order affirmed. We have reviewed the record and find the defendant's contentions to be without merit. A hearing to determine whether he was denied the effective assistance of counsel is not warranted. (See *People v Brown,* 45 NY2d 852.) The propounded errors of counsel are nothing more than matters of trial strategy and do not constitute a basis for affording postjudgment relief. (See *People v Brown,* 7 NY2d 359, cert den 365 US 821.) The record plainly evidences that counsel performed satisfactorily at trial in light of the overwhelming evidence against the defendant. (Cf. *People v Aiken,* 45 NY2d 394, 400; *People v Jackson,* 74 AD2d 585, affd 52 NY2d 1027.) Damiani, J.P., Mangano, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SCHURMANN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 29, 1979, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, plea vacated, and matter remanded to Criminal Term for further proceedings consistent herewith. The record of the change of plea colloquy makes it obvious that defendant's attorney had "explained" to his client that the court's denial of his motion to dismiss under CPL 30.30 could be raised on appeal despite the guilty plea. Since a plea of guilty actually extinguishes the right to appeal denial of such a motion (see *People v Friscia,* 51 NY2d 845), it is apparent that defendant's plea was not a knowing one, and he should be given the opportunity to plead anew or seek a trial. Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.