■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY O'BRIEN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Tsoucalas, J.), rendered December 3, 1980, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him as a second felony offender to time served. Judgment affirmed. Defendant was originally convicted in 1977 of the crimes of criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, after a jury trial. On his direct appeal to this court from that judgment of conviction, defendant argued, *inter alia,* that the judgment should be reversed and the indictment dismissed because of a violation of defendant's statutory right to a speedy trial (see CPL 30.30) or that, in the alternative, a new trial be ordered because of errors in the court's charge. By order dated December 18, 1979, this court (see *People v O'Brien,* 73 AD2d 656) held the appeal in abeyance and directed Criminal Term to hold a hearing on defendant's speedy trial claim. Upon completion of the hearing, and after Criminal Term filed its report, this court unanimously reversed the

judgment of conviction because of errors in the court's charge (see *People v O'Brien,* 77 AD2d 633) but, with one Justice dissenting, rejected defendant's claim of a denial of his statutory right to a speedy trial, relying on the holdings of this court in *People v Osgood* (71 AD2d 1030) and *People v Haynes* (72 AD2d 778) (see *People v O'Brien,* 77 AD2d 633, *supra).* Thereafter, on October 30, 1980, defendant interposed a plea of guilty. The plea colloquy indicated that defense counsel, with the sanction of the court and the Assistant District Attorney, accepted the plea on condition that defendant's claim regarding a denial of his statutory right to a speedy trial could be raised on appeal. At the time of the plea, both the *Haynes* and *Osgood* decisions, which were relied on by this court in rejecting defendant's CPL 30.30 claim, were then pending in the Court of Appeals. On December 22, 1980 the Court of Appeals reversed the holding of this court in *Osgood* and *Haynes* (see *People v Osgood,* 52 NY2d 37; *People v Haynes,* 52 NY2d 37) and the indictments in those two cases were thereafter dismissed. On this appeal from the judgment of conviction, entered upon his plea, defendant argues that the judgment must be reversed and the indictment dismissed in view of the conditional nature of his guilty plea, and the Court of Appeals' holdings in *Osgood* and *Haynes.* We disagree. At the time defendant interposed his plea of guilty, the Court of Appeals had already held that a guilty plea waives any claim regarding a deprivation of the statutory right to a speedy trial under CPL 30.30 (see *People v Friscia,* 51 NY2d 845). In apparent recognition of the significance of *Friscia,* defendant argues that his CPL 30.30 claim was preserved by virtue of the conditional nature of his plea. In *People v Thomas* (74 AD2d 317) this court specifically held that conditional pleas would not be sanctioned and could not preserve issues for appellate review after a guilty plea. The Court of Appeals affirmed on more limited reasoning than we indulged, preserving for a future day the broader issues we had considered (53 NY2d 338). It is true that we reversed the judgment of conviction in *Thomas* and remanded the case to Criminal Term to give defendant the opportunity to plead anew but only from a sense of "fairness" since defendant was (p 326) "foreclosed from raising his contentions on * * * appeal, and the plea was given in reliance on his ability to pursue his appellate remedy". However, the plea in the case at bar was interposed after our decision in *Thomas,* and therefore "these considerations of fairness" do not assist this defendant (see, e.g., *United States v Benson,* 579 F2d 508, 511). Our determination herein is made without prejudice to the commencement of any postjudgment application by defendant, if he be so advised, challenging the knowing nature of his guilty plea (see *People v Schurmann,* 81 AD2d 898; *United States v Benson, supra,* p 511). Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.