■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HOWE, Appellant. — Judgment reversed, on the law and facts, and indictment dismissed. All concur, Cardamone, J. P., not participating. Memorandum: We previously reserved decision and remitted this matter to Onondaga County Court to conduct a hearing and make appropriate findings in accordance with CPL 30.30 (subd 4) *(People v Howe,* 80 AD2d 728). We also determined therein that at the time defendant entered his plea of guilty he reserved his right of review of the speedy trial issue. The hearing on remand disclosed that there was a seven-month and six-day period between the commencement of the criminal action on May 29, 1979, when the felony complaint was filed against defendant, and January 4, 1980 when defendant was arraigned on the indictment. The court found that this period was chargeable to the People and was not within any excludable periods of time specified in CPL 30.30 (subd 4). The record supports the court's finding. Since the People failed to meet their burden of establishing statutory periods of exclusion under CPL 30.30 (subd 4), defendant's conviction must be reversed and the indictment dismissed. *(People v Dean,* 45 NY2d 651). (Resubmission of appeal from judgment of Onondaga County Court, Burke, J. — burglary, third degree.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.