# FOURTH DEPARTMENT, MAY, 1982

## (May 14, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HOWE, Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: This case, which was before us on two previous occasions, is now here for our consideration upon remittitur from the Court of Appeals. Defendant was originally charged with burglary in the third degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property arising out of a break-in at a pizza shop in Onondaga County. A felony complaint was filed on May 29, 1979. However, defendant was not arraigned on the indictment until January 4, 1980, some seven months and six days later. A motion pursuant to CPL 30.30 to dismiss

the indictment based upon the People's failure to be ready for trial within six months of the commencement of the criminal action was denied by the Onondaga County Court. Following plea negotiations it appeared that a plea to the burglary count would render defendant subject to a one-year sentence. After reviewing the probability of prevailing on appeal, the District Attorney offered defendant a plea to a misdemeanor if he would waive his right to an appeal of the speedy trial issue. Defendant elected "to plead to a felony and take his chances on the appeal with the same commitments." On appeal to this court we found that defendant reserved his right to review on the speedy trial issue. We reserved decision, however, and remitted the matter to Onondaga County Court for a hearing to make appropriate findings in accordance with CPL 30.30 (subd 4) (*People v Howe,* 80 AD2d 728). Upon return following the hearing, we reversed defendant's conviction, on the law and facts, and dismissed the indictment upon finding that the People failed to establish any excludable periods of time under CPL 30.30 (subd 4) (*People v Howe,* 84 AD2d 909). At that time we also reaffirmed our finding that "at the time defendant entered his plea of guilty he reserved his right of review of the speedy trial issue." Recently the Court of Appeals reversed our determination, reinstated the judgment of conviction and remitted the case to us so that this court might "in the exercise of its exclusive interests of justice review power, consider any other fact questions concerning the plea, if any (CPL 470.25, subd 2, par [d]; 470.20, subd 2, par [b])" (*People v Howe,* 56 NY2d 622, 624). It is reasonable to infer from a review of this case history that defendant's election to plead to the felony rather than accept the misdemeanor plea offer was based upon proper counseling from his attorney as to the status of the law at the time he entered his plea. During the pendency of defendant's appeal, however, the Court of Appeals held that a defendant by his plea of guilty forfeits his claim to dismissal of the indictment pursuant to CPL 30.30 (*People v Friscia,* 51 NY2d 845). When defendant's case was considered by the Court of Appeals, it found that this court's determination that the defendant reserved his CPL 30.30 claim was unsupported by the record (*People v Howe, supra*) and that "any attempt to do so would have been ineffectual (cf. *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338)." (*People v Howe, supra,* p 624.) Under the circumstances of this case, defendant's conviction is reversed, as a matter of discretion in the interest of justice, to restore defendant to the position he occupied prior to entry of his guilty plea, which we find was entered upon a mistaken belief that he could appeal his speedy trial claim. This effectively restores defendant to his status prior to the entry of the plea to the felony and affords defendant the opportunity either to negotiate a favorable plea or have his guilt established by a trial. (Appeal from judgment of Onondaga County Court, Burke, J. — burglary, third degree — remittitur from Court of Appeals.) Present — Callahan, J. P., Doerr, Denman and Schnepp, JJ.