that the gun used by him and a coparticipant, Faiz Hassan, was unloaded. The court failed to conduct a further inquiry after defendant revealed a potential affirmative defense (see *People v Serrano,* 15 NY2d 304; Penal Law, § 160.15, subd 4). Under these circumstances, the conviction for robbery in the first degree cannot stand (see *People v Hassan,* 79 AD2d 713). Modification of defendant's conviction from robbery in the first degree to robbery in the second degree is proper under the circumstances since the People have indicated their consent to such an arrangement, which defendant has requested (see *People v Waddell,* 66 AD2d 807; *People v Williams,* 58 AD2d 859). We find no merit in defendant's contention that he was deprived of the effective assistance of counsel. Damiani, J. P., Lazer, Mangano and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REALINI, Appellant. — Judgment of the Supreme Court, Queens County (Dunkin, J.), rendered February 17, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. T., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Nassau County (Vitale, J.), imposed February 19, 1982, upon his adjudication as a youthful offender after a plea of guilty to petit larceny, the sentence being a term of intermittent imprisonment for two weekends and three years' probation. Sentence modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of probation of three years. As so modified, sentence affirmed and case remitted to the Supreme Court, Nassau County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Under the circumstances of this case, it was an improvident exercise of discretion to impose a term of intermittent imprisonment and accordingly the sentence is modified to a term of probation of three years. Mollen, P. J., Thompson, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH VENTIMIGLIA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered July 2, 1982, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). We find that defendant was not denied his due process right to a speedy trial (CPL 30.20; *People v Taranovich,* 37 NY2d 442). Furthermore, by entering a plea of guilty defendant forfeited his right to claim that he was deprived of his statutory right to a speedy trial (*People v O'Brien,* 84 AD2d 567, affd 56 NY2d 1009). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.