■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN N. PERKOV, JR., Appellant.—Judgment unanimously affirmed. Memorandum: By entering a plea of guilty, defendant forfeited any right to a dismissal of the indictment pursuant to CPL 30.30 (see, People v Taylor, 65 NY2d 1, 6; People v Howe, 56 NY2d 622, 624; People v Friscia, 51 NY2d 845, 847). We do not find defendant's negotiated sentence of 3 to 9 years to be excessive. The record before us is inadequate to allow review of defendant's remaining claim that he was denied the effective assistance of counsel. This matter must be pursued in a motion brought pursuant to CPL 440.10. (Appeal from judgment of Herkimer County Court, Bergin, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WELLS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the third degree, defendant contends that the proof was legally insufficient and that the verdict was against the weight of the evidence. We disagree. The complainant testified that defendant placed what complainant believed was a knife at complainant's throat and that defendant threatened to "stick" him if he did not comply. He also testified that three rings were stolen from him. The jury was entitled to credit the complainant's version of the incident, even though the rings were not recovered (see, e.g., People v Scunziano, 140 AD2d 645; see generally, People v Bleakley, 69 NY2d 490, 495).

We have examined defendant's remaining argument on appeal and find it lacking in merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—robbery, third degree.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.