■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JONES, Appellant. [627 NYS2d 778] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 24, 1992, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

On appeal, the defendant contends, *inter alia,* that the hypothetical examples the court used to illustrate the concept of intent during its supplemental charge were biased in favor of the prosecution. We agree. Although a trial court is not precluded from supplying hypothetical examples in its instructions to the jury as an aid to explaining the applicable law *(see,*

*People v Wise,* 204 AD2d 133; *People v Fagan,* 166 AD2d 290), such hypotheticals must be fair and balanced and must not indicate to the jury that the court has an opinion as to the defendant's guilt or innocence *(see, People v Hommel,* 41 NY2d 427; *People v Bell,* 38 NY2d 116; *People v Johnson,* 171 AD2d 532). Here, the hypotheticals provided by the court during its supplemental instruction were so unbalanced that they effectively instructed the jury to infer that the defendant intended to sell the narcotics which were in his possession. Accordingly, the judgment must be reversed and a new trial ordered *(see, People v O'Brien,* 77 AD2d 633).

Reversal of the defendant's conviction is also warranted because the trial court's *Allen* charge, in language virtually identical to that which was condemned by the Court of Appeals in *People v Antommarchi* (80 NY2d 247), impermissibly shifted the burden of proof by implicitly imposing on the defendant the burden of supplying the jurors with the arguments they needed to legitimize their votes to acquit. Although this issue is unpreserved for appellate review, we deem it appropriate to address it in the interest of justice because a note from the jury reveals that it erroneously believed that the lone juror voting for acquittal was required to provide a reason for doing so.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.