THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES THOMAS, Also Known as WILLIE THOMAS, Appellant.

Second Department, May 19, 1980

## APPEARANCES OF COUNSEL

*Rhodes & Fisher (Barry Gene Rhodes* of counsel), for appellant.

*Eugene Gold, District Attorney (Morris Harary* of counsel), for respondent.

## OPINION OF THE COURT

LAZER, J.

The threshold issue on this appeal is the propriety of the procedure by which the defendant pleaded guilty to the charges against him, but reserved certain rights for appeal. We hold that the appeal is not properly before us.

The defendant was indicted for reckless endangerment in the first degree, criminal possession of a weapon in the third and fourth degrees and reckless driving. On July 19, 1978, pursuant to an agreement with the District Attorney, the defendant entered a conditional plea of guilty to the first three counts of the indictment. During the allocution, the defendant read two prepared statements, one admitting to the facts underlying the reckless endangerment charge, and the second admitting to the possession of two handguns. As to the reckless endangerment, the defendant declared that on June 10, 1977 at 2:30 A.M. on certain named streets in Brooklyn, in the course of fleeing pursuit by a police car, he drove his car for several minutes at a speed of 60 miles per hour over a distance of about 25 blocks, passing five red lights, numerous parked cars and some moving cars, until his vehicle came to a halt after jumping the curb. Concerning the weapons charge, the defendant stated that there were two other persons in the car; one in the front passenger seat, the other in the rear seat. There were two weapons in the car, a loaded .38 calibre revolver and an unloaded .25 calibre automatic pistol, both hidden beneath the rear seat on the driver's side. Both guns belonged to the defendant and he knew their location as he

drove the car. Under the agreement with the District Attorney, the two issues which were to survive the plea were (1) the sufficiency of the facts alleged to constitute the reckless endangerment in the first degree (i.e., the speed of the car and the surrounding circumstances); and (2) the constitutionality of the presumption of possession of the weapons in subdivision 3 of section 265.15 of the Penal Law* as applied to the facts in the case. The trial court accepted the conditional plea of guilty and subsequently imposed sentence.

The appeal raises the two grounds preserved under the agreement, and both parties now request that the conditional plea be given effect and that we entertain the appeal. Before reaching the specific reasoning for our determination not to do so, we pause to consider in a broader context the question of appeals following pleas of guilty.

■ As a general rule, a plea of guilty, intelligently and voluntarily entered, operates as a waiver of certain fundamental constitutional defects (People v La Ruffa, 34 NY2d 242) and bars the later assertion of constitutional challenges to pretrial proceedings (see the Brady trilogy: Brady v United States, 397 US 742; McMann v Richardson, 397 US 759; Parker v North Carolina, 397 US 790). In Tollett v Henderson (411 US 258, 267), which has become an addendum to the Brady trilogy, the United States Supreme Court wrote: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Therefore, only those issues fully disclosed in the record which relate either to the exercise of jurisdiction by the court or to the voluntary and knowing nature of the plea are appealable after a plea of

---

* Subdivision 3 of section 265.15 provides: "The presence in an automobile, other than a stolen one or a public omnibus, of any firearm, defaced firearm, firearm silencer, explosive or incendiary bomb, bombshell, gravity knife, switchblade knife, dagger, dirk, stiletto, billy, blackjack, metal knuckles, chuka stick, sandbag, sandclub or slungshot is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found, except under the following circumstances: (a) if such weapon, instrument or appliance is found upon the person of one of the occupants therein; (b) if such weapon, instrument or appliance is found in an automobile which is being operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver; or (c) if the weapon so found is a pistol or revolver and one of the occupants, not present under duress, has in his possession a valid license to have and carry concealed the same."

guilty. Since a guilty plea is not merely a confession but is itself a "conviction" *(Boykin v Alabama,* 395 US 238), objections which go to the factual finding of guilt and not either to the right of the People to prosecute (see *People v Gilliam,* 65 AD2d 533), or to the validity of the plea itself *(People v Meachem,* 50 AD2d 953), are deemed waived by such a plea. The plea court is obligated, however, to inquire of the defendant concerning the facts and circumstances of the crime to ascertain whether the plea was voluntarily and knowingly made *(People v Nixon,* 21 NY2d 338; *People v Nenni,* 70 AD2d 774; *People v Jackson,* 54 AD2d 1132) and thus whether it constituted a valid plea of guilt *(People v Serrano,* 15 NY2d 304).

The fact that the question raised on appeal is of constitutional proportion does not necessarily determine its jurisdictional nature. This is because a guilty plea renders irrelevant those constitutional violations which are not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established *(Menna v New York,* 423 US 61). The constitutional issues which do implicate jurisdiction and thus survive a plea of guilty go to the very right of the State to hold a trial. Thus the claim of double jeopardy *(Menna v New York, supra),* the constitutionality of the statute claimed to be violated *(Haynes v United States,* 390 US 85), the competency of the defendant to stand trial *(People v Armlin,* 37 NY2d 167; *People v Francabandera,* 33 NY2d 429), and a defective indictment which does not effectively charge defendant with the commission of a crime *(People v Case,* 42 NY2d 98), are all issues which go to the right of the State to try the defendant and may be raised on appeal after a plea of guilty. Whether the failure to afford a speedy trial goes to the same right may be debatable, but the right to appellate review of a denial of a speedy trial motion also survives a plea of guilt *(People v Blakley,* 34 NY2d 311; *People v Wallace,* 26 NY2d 371).

Claims that the guilty plea was induced by duress *(People v Flowers,* 30 NY2d 315) or taken without assistance of counsel *(Pennsylvania ex rel. Herman v Claudy,* 350 US 116) go to the voluntary and knowing nature of the plea and are preserved for appellate review (see *People v White,* 32 NY2d 393). Also classified as involuntary are pleas induced by promises or representations later broken *(Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122).

Where the promises relate to the defendant's co-operation in other investigations, public policy considerations mandating fulfillment of the promises may be of such force (see *Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57) as to preserve a right of appeal even though the plea of guilt is unrelated to the representations made (see *People v Argentine,* 67 AD2d 180, after remand 71 AD2d 869).

If the defendant's complaint relates to the loss of trial and pretrial rights and safeguards, a plea of guilty surrenders both the constitutional and nonconstitutional protections. Thus, the right to a jury trial *(Duncan v Louisiana,* 391 US 145), the right of confrontation *(Pointer v Texas,* 380 US 400), the right to compulsory process for obtaining favorable witnesses *(Washington v Texas,* 388 US 14), the privilege against self incrimination *(Matter of D.,* 27 NY2d 90, cert den *sub nom. D. v County of Onondaga,* 403 US 926), the sufficiency of Grand Jury minutes *(People v O'Neal,* 44 AD2d 830), the improper omission to provide a bill of particulars *(People v Hendricks,* 31 AD2d 982), the propriety of the denial of defendant's motion for a separate trial *(People v Smith,* 41 AD2d 893), the claim of insufficiency in the factual allegations of an indictment or an objection to the form of the instrument *(People v Iannone,* 45 NY2d 589), the correctness of a *Sandoval* ruling *(People v Gilliam,* 65 AD2d 533, *supra),* are all effectively waived by a plea of guilty. The rationale is apparent—the mentioned rights and safeguards are provided to protect those who choose to undergo a trial determination of their guilt; thus, those who voluntarily admit their guilt by plea waive their prerogative to assert on appeal the loss of those protections. Similarly, the illegality of an arrest does not divest the court of jurisdiction, and without more, it is not preserved for appeal after a plea (see *People v Grant,* 16 NY2d 722; *People v Brown,* 22 AD2d 920).

Since a record is a prerequisite of an appeal *(People v Vignera,* 21 AD2d 752), the issue of the voluntariness of a confession never litigated *(People v Nicholson,* 11 NY2d 1067), or a record "barren of any reference to the absence of counsel" at a lineup identification *(People v Coles,* 34 AD2d 1051), or even the failure to make a speedy trial motion (cf. *People v Blakley,* 34 NY2d 311, *supra),* preclude appeals based upon those issues once the guilty plea has been entered.

Contrary to the practice in most States (see *Lefkowitz v Newsome,* 420 US 283, 289), New York's Criminal Procedure

Law authorizes postplea review of specific constitutional issues which have been raised and litigated prior to the plea. Thus, a defendant who moves to suppress evidence of his statement (CPL 60.45), identification (CPL 60.25), or the fruits of unlawful search and seizure (CPL 710.50) or illegal eavesdropping (CPL 700.05 *et seq.)* may, following a plea, raise on appeal the order denying suppression (see CPL 710.70, subd 2).

■ With these considerations in mind, we turn to the instant case where a defendant and the prosecutor, with the trial court's approval, have entered into an agreement conditioning the guilty plea upon the willingness of this court to entertain an appeal. For the reasons which follow, we decline to hear it, and assert this court's policy as contrary to the acceptance of such pleas.

Although research fails to reveal the practice, if any, of our sister departments with respect to conditional pleas, there is ample Federal jurisprudence dealing with the subject. Seven of the Circuits of the United States Court of Appeals have considered to varying degrees the propriety of conditional guilty pleas. The Fifth, Sixth and Ninth Circuits have expressly disapproved conditional pleas (see *United States v Sepe,* 486 F2d 1044 [CA 5th Cir, 1973]; *United States v Cox,* 464 F2d 937 [CA 6th Cir, 1972]; *United States v Benson,* 579 F2d 508 [CA 9th Cir, 1978]) while the Fourth and Seventh Circuits apparently have disapproved the procedure. In *United States v Brown* (499 F2d 829 [CA 7th Cir], cert den 419 US 1047), the Seventh Circuit followed the analysis in *United States v Cox (supra).* In *United States v Matthews* (472 F2d 1173) the Fourth Circuit upheld a District Judge's refusal to allow a conditional guilty plea.

In the Second Circuit, however, an appeal may be taken on an issue not going to guilt where there has been " '[a] plea expressly reserving the point accepted by the court with the Government's consent' " *(United States v Burke,* 517 F2d 377, 379 [CA 2d Cir, 1975], citing *United States v Doyle,* 348 F2d 715, 718 [CA 2d Cir], cert den 382 US 843). The *Burke* court reversed a conviction on the basis of the invalidity of the search warrant, an issue preserved for appellate review by entry of a guilty plea with a reservation; while in *United States v Rothberg* (480 F2d 534 [CA 2d Cir, 1973]), the propriety of the denial of an offer of proof was deemed preserved by a conditional plea. But where neither the Trial Judge nor the prosecutor consented to the conditional plea it was not

held preserved for review *(United States v Mann,* 451 F2d 346 [CA 2d Cir, 1971]; cf. *United States v Selby,* 476 F2d 965 [CA 2d Cir, 1973]).

It is the Third Circuit which seems to permit broad use of the conditional plea (see *United States v Zudick,* 523 F2d 848 [CA 3d Cir, 1975]; *United States v D'Amato,* 436 F2d 52 [CA 3d Cir, 1970]; *United States v Moskow,* 588 F2d 882 [CA 3d Cir, 1978]). The use is not predicated on alleged violations of constitutional rights or other substantive criteria, however. In *Zudick,* the court emphasized that its decision merely approved the District Court's exercise of its broad discretion to accept a plea under rule 11 of the Federal Rules of Criminal Procedure and that it indorsed the use of the conditional guilty plea in "appropriate circumstances" (523 F2d, at p 852).

The split in the Federal circuits derives from differing policy considerations and different interpretations of the legal effect of a plea of guilty. With respect to those differing considerations, the Ninth Circuit has noted the argument that the conditional plea procedures crowd appellate dockets with frivolous claims, destroy finality and are unduly beneficial to admittedly guilty defendants (see *United States v Benson,* 579 F2d 508, *supra).* But, in *United States v Moskow* (588 F2d 882, 888, *supra),* the Third Circuit observed:

"[W]e [are not] impressed by the * * * suggestion that conditional pleas will generate a larger number of appeals in guilty plea cases. This observation overlooks the reality that a trial is an obvious alternative to a conditional guilty plea * * * [V]irtually every guilty verdict obtained at trial results in an appeal. That most of these appeals are without merit, relatively or absolutely, is evidenced by the low percentage of reversals in this court and nationally * * * The distinction we perceive between an appeal from a conditional plea and an appeal from a full trial is that in an appeal from a conditional plea the issues are presented more narrowly; we will not be exposed to the threadbare trial error allegations that compose the bulk of unsuccessful issues raised in criminal appeals.

"We are also conscious of undue delays in the administration of justice produced by unnecessary trials, and also of the crushing financial burdens placed on the taxpayers who ultimately pay the expenses of federal criminal legislation."

The Circuits which reject conditional pleas are of the apparent view that the use of such pleas is grossly inconsistent with one principle recognized by the Supreme Court in the *Brady*

trilogy to the effect that a voluntary and intelligent plea forecloses inquiry into alleged antecedent constitutional deprivations *(Tollett v Henderson, 411 US 258, supra).* The Third Circuit, however, has drawn upon the opinion in *Lefkowitz v Newsome* (420 US 283, *supra),* in which the Supreme Court held that a plea of guilty in New York did not foreclose Federal habeas corpus review of specified constitutional issues where the State procedures (in that case CPL 710.70) allowed a defendant to plead guilty without forfeiting his right to review those issues. In *United States v Zudick* (523 F2d 848, 852, *supra),* the Third Circuit concluded that a plea like that in *Newsome* had legal consequences different from those entered in the traditional guilty plea cases.

"Newsome's plea carried with it the guarantee that judicial review of his constitutional claims would continue to be available to him. In this respect there is no meaningful difference between Newsome's conviction and a New York conviction entered after a trial." *(Lefkowitz v Newsome, supra,* p 290, paraphrased in *Zudick, supra,* 523 F2d, at p 852.)

The Third Circuit's reliance on *Lefkowitz v Newsome* as predicate for acceptance of conditional pleas seems misplaced because of the specific statutory appeal privilege available to the defendant in that case. Nevertheless, we are not in accord with those Circuits which have expressly based their disapproval of conditional pleas on the *Brady* trilogy and *Tollett v Henderson (supra).* In *Menna v New York* (423 US 61, 62, n 2, *supra),* the Supreme Court asserted that neither *Tollett v Henderson* nor the *Brady* trilogy "stand for the proposition that counseled guilty pleas inevitably 'waive' all antecedent constitutional violations." The court declared: "The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established." *(Id.)*

In light of the language in *Menna v New York,* we interpret *Tollett v Henderson* and the *Brady* trilogy as precluding only those conditional pleas which attempt to preserve issues which lose their relevancy once the defendant has asserted his

factual guilt. Our construction is borne out by the fact that certain objections which do not go to the question of factual guilt but rather to the right of the People to conduct a trial are not waived by a plea of guilty.

Nevertheless, our refusal to entertain appeals based on conditional pleas does not rest solely upon theoretical criteria. The State's statutory scheme already has provided an expansive approach to appealability by preserving the right to raise postplea objection where suppression motions asserting claims of illegally obtained or improperly tainted evidence have been denied. Indeed, in New York, a guilty plea seems only to waive issues relating to factual guilt and certain pretrial and trial prerogatives which assume irrelevance once guilt has been admitted. In such a context, the reality of the modern-day bargained plea militates forcefully against judicial extension of a pleading defendant's right of appeal. Guilty pleas result from the defendant's view of the balance between the likelihood of conviction and the benefits flowing from acceptance of reduced charges. While the State's end of the bargain similarly is predicated upon the potential of conviction, prosecutorial reluctance to avoid the bargain process is tempered substantially by the necessity to move the criminal calendar. The conclusion impelled is that the hearing of appeals based upon conditional pleas by those who have obtained the benefits of this bargaining process is incompatible with principles of the sound administration of justice.

But apart from these considerations, there are other solid reasons why the instant appeal should not be entertained. The defendant has asked that we determine whether the requisite elements of one of the crimes charged would be satisfied by the proof available to the People and whether a statutory presumption is constitutional as applied to the provable facts in this case. What is being sought is a review of issues of factual guilt following an admission of factual guilt. The appeal thus is not logically or legally consistent with the plea.

Even if no problem existed with respect to legal consistency or court policy, the issue of the constitutionality of the statutory presumption of weapons possession as applied to the facts could not be resolved on the facts before us. Since there was no trial, the only record which exists is the plea minutes. These indicate that the defendant was arrested after a high speed car chase that ended when the car struck the curb and mounted the sidewalk. In his plea allocution defendant admit-

ted that he was driving the car and that there were two passengers. There were also two weapons in the car, one loaded and one unloaded, and both were hidden beneath the rear seat of the car on the driver's side. Defendant admitted that both weapons belonged to him and that he knew of their location as he drove the vehicle. Because of the relative position of the weapons, however, and because of the presence of other persons in the vehicle, especially the passenger seated on the seat under which the guns were located, defendant maintained, and the District Attorney agreed, that defendant's knowing possession of the weapons could not be legally established without the aid of the presumption set forth in subdivision 3 of section 265.15 of the Penal Law. On such a limited record, this court could not determine whether the statutory presumption was unconstitutional as applied. From the brief facts, an inference can be drawn that the guns were located under the driver's seat but slid back under the rear seat as a result of the high speed chase and the impact which stopped the car. Moreover, even if the guns were in fact located beneath the rear seat, we cannot conclude that it was not possible for defendant to reach over from the front seat and retrieve them. If these considerations are deemed speculative, they at least make it apparent that factual issues exist which require resolution at a trial.

Since the defendant thus is foreclosed from raising his contentions on this appeal, and the plea was given in reliance on his ability to pursue his appellate remedy, fairness requires that the judgment of conviction be reversed and the matter remanded to give defendant the opportunity to plead anew.

HOPKINS, J. P., MARGETT and O'CONNOR, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered September 5, 1978, reversed, on the law, plea vacated, and matter remitted to Criminal Term for further proceedings consistent with the opinion herein.