■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DAVIS, Appellant. — Judgment, Supreme Court, New York County, rendered November 9, 1977, convicting defendant, upon his plea of guilty, of murder in the second degree (Penal Law, § 125.25), and sentencing him thereon to an indeterminate term of imprisonment of 15 years to life, is unanimously affirmed. Defendant's plea of guilty also covered two robbery indictments, Nos. 1100/77 and 1519/77, although defendant did not plead guilty to those robbery indictments and the only judgment entered was the one now appealed from, the conviction of murder in the second degree under Indictment No. 1654/77. In connection with one of the robbery indictments, No. 1100/77, there was a suppression hearing at which defendant contended that certain physical evidence should be suppressed and that certain identification of him by the victim of the robbery should be suppressed. Those suppression applications were denied. It is at least doubtful whether the present appeal from the murder conviction brings up for review the denial of the suppression application in the robbery case. (Cf. CPL 710.70, subd 2; People v Thomas, 74 AD2d 317.) However, it appears that defendant's attorney was trying to preserve this issue for review on appeal. The District Attorney does not dispute the defendant's right to appeal the murder conviction on the basis of the suppression ruling in the robbery case. The District Attorney states that defendant made a confession to the murder charge shortly after he was arrested on the robbery charge and while he was in police custody. We have accordingly reviewed the facts with respect to the suppression motion and we find that the suppression motion was properly denied, that the defendant was properly arrested on probable cause, and that

his identification by the victim of the robbery was not legally invalid. We do not now rule that an appeal from a judgment of conviction on a plea of guilty in one criminal action necessarily brings up for review the denial of a suppression motion in another criminal action in which no judgment is rendered but which is covered by the plea in the judgment appealed from. Concur — Kupferman, J.P., Birns, Sandler, Silverman and Fein, JJ.