■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT HOMER, Appellant. — Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered February 24, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. As a result of an incident which allegedly occurred at approximately 12:50 A.M. on September 17, 1980 in the Village of Catskill wherein Fran's, a women's clothing store, was burglarized, defendant and another were indicted for the crimes of burglary in the third degree (Penal Law, § 140.20) and grand larceny in the second degree

(Penal Law, § 155.35). There followed a suppression hearing after which the court ruled that the arrest or investigative detention of defendant at the scene of the incident was not unreasonable and that two bags and a box discovered at the scene and containing goods from the clothing store would not be suppressed. Defendant was then permitted to plead guilty to the burglary charge in full satisfaction of the indictment against him and was sentenced on his plea. The instant appeal ensued. Seeking a reversal of his conviction, defendant initially argues that the police lacked probable cause to arrest him. By his guilty plea, however, defendant voluntarily admitted his guilt to the burglary charge and waived his right to challenge the propriety of his arrest on this appeal (*People v Thomas,* 74 AD2d 317, affd 53 NY2d 338). Defendant's further contention that the police illegally searched the box and two trash bags which were observed in the immediate area where defendant and his partner were arrested and found to contain items stolen from the women's clothing store is also lacking in substance. The search and seizure constituted effective police work whereby a thorough investigation was made at the scene of the arrests with the result that two burglars were caught "red-handed" in their criminal activity, and it should also be noted that nothing in the record suggests that the box or bags were in any way marked or otherwise identifiable as property belonging to defendant or his partner or that the two men objected in any way to the search conducted by the police. Such being the case, defendant's rights were not violated by the investigation, and the court correctly refused to suppress the box and bags and their respective contents (cf. *People v Valdez,* 78 AD2d 449). Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., concurs in the result only in the following memorandum. Mikoll, J. (concurring). I concur in the result only. The trial court properly denied defendant's motion to suppress evidence seized at the scene of the crime. The People established probable cause for defendant's initial detention and ultimate arrest.