■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BEST, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 16, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The defendant moved to dismiss the indictment on the ground that persons of Hispanic origin were substantially underrepresented in the Grand Jury pool and on the Grand Jury which returned the indictment, in violation of his constitutional guarantee of equal protection of the law and his right pursuant to statute (Judiciary Law, § 500) to a Grand Jury selected at random from a fair cross section of the community. After his motion was denied, defendant pleaded guilty on December 6, 1979 and he was thereafter sentenced. On the instant appeal from his judgment of conviction, defendant again raises his argument regarding the composition of the Grand Jury. The argument must be rejected. A plea of guilty, voluntarily and intelligently made, waives all nonjurisdictional defects in the prior proceedings against a defendant (*People v La Ruffa,* 34 NY2d 242, vacated and remanded 419 US 959, upon remand 37 NY2d 58; *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338). Among those defects considered to be of a nonjurisdictional nature is the unconstitutional composition of a Grand Jury (*Tollett v Henderson,* 411 US 258; *People v Carlos S.,* 51 AD2d 1, 7, revd on other grounds 40 NY2d 990; cf. *People v Moss,* 80 Misc 2d 633, 641; Bond, Plea Bargaining and Guilty Pleas, § 7.21[3]; but see *People v Siciliano,* 52 AD2d 408). Defendant is therefore foreclosed from obtaining appellate review of this issue unless State statute specifically permits him to plead guilty and obtain such review (see *Lefkowitz v Newsome,* 420 US 283; cf. CPL 710.70, subd 2). Since no such statute exists, defendant's contention regarding the composition of the Grand Jury has not been preserved for appellate review. Nor can defendant's arguments regarding the composition of the Grand Jury be preserved for appellate review by virtue of the fact that an attempt was made to enter defendant's plea on condition that the denial of his motion to dismiss the indictment be preserved for appellate review. In *People v Thomas* (74 AD2d 317, *supra*), this court specifically held that conditional pleas would not be sanctioned and could not preserve issues for appellate review after a guilty plea. It is true that in *Thomas* as well as in other cases where conditional pleas were entered before the date *Thomas* was decided, i.e., May 19, 1980, we vacated the pleas, reversed the judgments of conviction, and remanded the cases to Criminal Term to give those defendants the opportunity to plead anew. However, those decisions were dictated by a sense of "fairness" since "defendant [was] * * * foreclosed from raising his contentions on * * * appeal, and the plea was given in reliance on his ability to pursue his appellate remedy" (*People v Thomas, supra,* p 326; *People v Jordan,* 78 AD2d 878; cf. *People v O'Brien,* 84 AD2d 567). Although the defendant herein entered his conditional plea prior to the decision in *Thomas,* we need not reverse, vacate his plea and remand, since we have on this date rejected the same claim (*People v Guzman,* 89 AD2d 14). In any event, defendant in his brief specifically requested that his plea not be

vacated under these circumstances. We have considered defendant's contention regarding the excessiveness of his sentence and find it to be without merit. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.