■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS QUACKEN-BUSH, Appellant. — Appeal from a judgment of the County Court of Chemung County (Kepner, Jr., J.), rendered June 11, 1982, convicting defendant upon his plea of guilty of the crimes of kidnapping in the second degree and rape in the first degree. On November 4, 1979, while driving an automobile in the City of Elmira, Chemung County, defendant Lewis Quackenbush observed Debra Black, a college student, walking to her dormitory. Codefendant Milton Quackenbush approached the girl, put his arm around her, told her he had a gun and that she would not be hurt if she co-operated. Defendant drove the car to Pennsylvania where the victim was forcibly raped and sodomized. A Chemung County Grand Jury indicted defendant for the crimes of kidnapping in the second degree, rape in the first degree and sodomy in the first degree. Following an unsuccessful motion for dismissal of the kidnapping count based on the doctrine of merger, and for dismissal of the rape and sodomy counts for lack of geographical jurisdiction, defendant pleaded guilty to the kidnapping and rape counts in full satisfaction of the indictment. Pursuant to a plea bargain, he received concurrent prison sentences of 5 to 15 years on each count. Defendant has appealed. Defendant initially contends the trial court erred in its refusal to dismiss the kidnapping charge on the ground that the doctrine of merger barred prosecution for that crime. The People correctly argue that defendant's plea of guilty waived any right to challenge this determination. A plea of guilty, voluntarily and knowingly made, waived all nonjurisdictional defects including those of constitutional dimension in the prior proceedings (*People v Best,* 89 AD2d 1018; *People v Thomas,* 74 AD2d 317, affd 53 NY2d

338). We, therefore, need not reach the issue concerning the doctrine of merger in this case. Defendant's next argument that the trial court erred in finding it had jurisdiction over the charged crimes of rape and sodomy is without merit. Defendant contends the actual acts of the alleged rape and sodomy took place in Pennsylvania, not New York. This State has jurisdiction of any crime defined by the laws of this State where the conduct which occurred in this State is sufficient to establish an element of such offense (CPL 20.20, subd 1, par [a]). One of the elements of both the rape and sodomy counts charged is "forcible compulsion" (Penal Law, §§ 130.35, 130.40). During the time period relevant to this case, forcible compulsion was defined as "physical force which is capable of overcoming earnest resistance; or a threat, express or implied, that places a person * * * in fear that he or another person will immediately be kidnapped" (Penal Law, § 130.00, subd 8, subsequently amd by L 1982, ch 560, and L 1983, ch 449). Here, the victim was twice threatened with a gun in the City of Elmira and testified that she was afraid she would be killed if she did not obey her assailants. This is forcible compulsion which commenced in this State and was the *sine qua non* to establish causal relationship between the New York behavior and the Pennsylvania sited rape and sodomy. Finally, it cannot be said from this record that the trial court abused its discretion in imposing sentences well within the statute for these heinous crimes. Judgment affirmed. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.