THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ANTHONY FERRARA, Appellant.

Second Department, February 27, 1984

APPEARANCES OF COUNSEL

*Salvatore F. Quagliata* for appellant.

*Patrick Henry, District Attorney (Daniel J. Murphy* of
counsel), for respondent.

OPINION OF THE COURT

*Per Curiam.*

Pursuant to CPL 190.50 (subd 5), a defendant, under
certain circumstances, has the right to appear as a witness
in a Grand Jury proceeding. The primary issue presented
on this appeal is whether a defendant who has pleaded
guilty thereby forfeits appellate review of a claimed viola-
tion of this right. A further question for consideration is
the extent to which the statute requires the District Attor-
ney to defer presentation of a case to the Grand Jury in
order to enable a defendant to appear and testify with
counsel of his own choosing.

The defendant, Anthony Ferrara, was arrested on or about March 10, 1982 and was arraigned upon a felony complaint in the District Court of Suffolk County the next day. On March 15, 1982, a letter from the defendant's attorney giving notice of defendant's intention to testify before the Grand Jury was hand delivered to the Suffolk County District Attorney's office. The letter stated that the attorney was then engaged in a trial in Federal court, and he requested that the District Attorney not present the case to the Grand Jury until the parties had agreed upon a date for the defendant's appearance. The next day defendant appeared in the District Court with his attorney's associate for a scheduled preliminary hearing and at that time was offered the opportunity to appear before the Grand Jury that day. He declined to do so, however, on the ground that his attorney was still engaged in Federal court and, at his request, the preliminary hearing was adjourned to March 24, 1982. On March 24, the defendant and associate counsel appeared once again in the District Court and advised the court that defense counsel's Federal trial was still in progress. The prosecutor again offered defendant the opportunity to testify before the Grand Jury that day, but the associate requested an additional adjournment so that defense counsel could appear with his client before the Grand Jury. The preliminary hearing was then adjourned to April 1, 1982, at the defendant's request. On the afternoon of March 24, 1982, an Assistant District Attorney placed a telephone call to defense counsel's office and advised a secretary that the case would be presented to the Grand Jury on March 30, 1982. The District Attorney received no further communications from defense counsel, and the case was presented to the Grand Jury on March 30, as scheduled, with the defendant failing to appear. An indictment was filed on March 31, the day on which defense counsel's trial in Federal court concluded. On April 1, the attorney appeared with the defendant in the District Court for the scheduled hearing on the felony complaint, only to learn that defendant had already been indicted.

Following his arraignment on the indictment, the defendant made a timely motion to dismiss the indictment upon the ground that his right to testify before the Grand Jury

had been violated (CPL 190.50, subd 5). Based upon the foregoing facts, Criminal Term denied the motion. Defendant then pleaded guilty to a reduced charge in satisfaction of the indictment, and sentence was imposed. On this appeal, the defendant's sole contention is that Criminal Term erred in denying the motion to dismiss. For the reasons that follow, we reject this contention and affirm the judgment of conviction.

By his plea of guilty, the defendant forfeited appellate review of his claim. A guilty plea waives certain claims (*People v Di Raffaele,* 55 NY2d 234, 240; see, also, *People v Thomas,* 74 AD2d 317, affd 53 NY2d 338), including a claim that the evidence before the Grand Jury was not legally sufficient (*People v Ali,* 79 AD2d 974) or that the Grand Jury was illegally constituted (*People v Best,* 89 AD2d 1018). The same rule applies with respect to an alleged violation of a defendant's right to testify before the Grand Jury. Since a guilty plea is itself a conviction which waives objections going to the factual findings of guilt (*People v Thomas,* 74 AD2d 317, 320, *supra*), it would be incongruous for an appellate court to sustain a defendant's right to testify before the Grand Jury and to dismiss the indictment after defendant has admitted guilt in his plea.

The defendant, however, asserts that in *People v Lincoln* (80 AD2d 877), this court reviewed on appeal from a judgment entered upon a plea of guilty a claimed deprivation of the right to testify before the Grand Jury. Any reliance upon *Lincoln,* however, is misplaced. In *Lincoln,* defendant was represented by counsel associated with the Legal Aid Society. On November 21, 1978, the People notified Legal Aid that the case would be presented to the Grand Jury on November 30. In the interim, defendant was advised by Legal Aid that his attorney was no longer associated with Legal Aid and that in any event Legal Aid could no longer represent him due to a conflict of interest. On November 29, 1978 defendant wrote to the court asking that new counsel be assigned. On December 11, the court assigned new counsel. However, the case was presented to the Grand Jury as scheduled, and an indictment was filed on December 14.

In reversing the judgment and dismissing the indictment, this court held that the inaction of the Legal Aid Society, coupled with the failure to assign new counsel prior to the Grand Jury presentation, amounted to a denial of the defendant's constitutional right to counsel and, consequently, denial of his right to testify before the Grand Jury. Thus, *Lincoln* (*supra*) may be distinguished from the within case upon the ground that *Lincoln* involved a direct violation of the defendant's constitutional right to the assistance of counsel. Our holding in *Lincoln* was predicated on the fact that although Lincoln did everything possible to timely assert his right to be represented by counsel, that right was effectively frustrated by the Legal Aid Society and by the court. It was only as a consequence of his inability to obtain constitutionally guaranteed representation that the defendant was unable to exercise his statutory right to testify before the Grand Jury.

On the other hand, this case does not involve a deprivation at all of the constitutional right to the assistance of counsel. There is no question that defendant was actually represented by counsel throughout these proceedings. Thus, the case involves only an alleged violation of a statutory right, i.e., the right to appear as a witness before the Grand Jury, and we hold that appellate review of that alleged violation was forfeited by defendant's plea of guilty.

Were there no issue of forfeiture, however, we would affirm on the merits. After having served the District Attorney with written notice of his intention to testify before the Grand Jury, the defendant appeared in court on March 16 and March 24 with associate counsel. On each date, the defendant was afforded an opportunity to testify, but declined to do so upon the ground that the attorney actually representing him was engaged in Federal court. Finally, on March 24, an Assistant District Attorney advised the attorney's office that the Grand Jury would hear the case on March 30. The Assistant District Attorney received no further communication from defense counsel, and the defendant failed to appear on March 30, when the case was, in fact, presented. Under these circumstances, the District Attorney's office discharged its statutory obli-

gation by advising the defendant's attorney of the date of the prospective Grand Jury proceeding and by according the defendant a reasonable time to exercise his right to appear as a witness therein (CPL 190.50, subd 5, par [a]; *People v Phillips,* 88 AD2d 672). The presentation was adjourned twice, from March 16 to March 24 and again to March 30, giving defendant an adequate and reasonable opportunity to appear before the Grand Jury with counsel of his own choosing. The statute does not require the District Attorney to defer presentation of a case to the Grand Jury indefinitely or for an extended period because counsel chosen by a defendant is engaged in another case, particularly where, as here, the defendant has other counsel available to him. The constitutional right to be defended by counsel of one's own choosing is qualified to the extent that a defendant may not employ such right as a means of delaying judicial proceedings (*People v Arroyave,* 49 NY2d 264, 271).

Accordingly, the judgment of conviction should be affirmed.

TITONE, J. P., GIBBONS, BRACKEN and RUBIN, JJ., concur.

Judgment of the Supreme Court, Suffolk County, rendered July 29, 1982, affirmed.