■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD COWAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lodato, J.), rendered December 9, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial of that branch of defendant's pretrial motion as sought dismissal of the indictment (Leone, J.).

Judgment affirmed.

Criminal Term properly denied that branch of the defendant's pretrial motion which sought dismissal of the indictment on the grounds that the Grand Jury which indicted defendant was not "selected at random from a fair cross-section of the community" in accordance with the requirements of Judiciary Law § 500. The defense relied upon the evidence regarding the selection of the Grand Jury in Kings County adduced at the hearing held in the case of *People v Best* (89 AD2d 1018). The hearing in the *Best* case dealt with the procedures in effect during the years 1970 through 1978 and there is no evidence that the same procedures were used to select the Grand Jury which indicted defendant in August 1980. In any event, the defense inaccurately characterizes the selection process for grand jurors in Kings County, described during the hearing held in the *Best* case, as "voluntary service". The pool from which the final Grand Jury panel is chosen is composed of individuals summoned for service at random from a larger list of qualified persons (*see, People v Guzman*, 89 AD2d 14, 16-20, *affd* 60 NY2d 403, *cert denied* __ US __, 104 S Ct 2155). The final panel is selected at random from a group of individuals who are not disqualified from serving pursuant to Judiciary Law § 511, do not claim the statutory exemptions under Judiciary Law § 512, and do not request to be excused for other reasons. The defense has presented no evidence that the selection procedures at issue in *People v Best* (*supra*), resulted in the systematic exclusion of "a substantial and identifiable segment of the community" (*People v Guzman*, 60 NY2d 403, 410, *supra*), thus denying defendant his statutory, as well as his constitutional rights to a Grand Jury panel randomly selected from "a fair cross-section of the community" (Judiciary Law § 500; *see, People v Guzman*, 89 AD2d 14, 27-31, *supra; see also, Duren v Missouri*, 439 US 357, 363-364; *Taylor v Louisiana*, 419 US 522, 526). The fact that various groups in the population respond in different proportions to subpoenas and summonses for jury service and are more or less likely to claim statutory exemptions is insufficient to establish the required systematic exclusion of an identifiable group inherent in the Grand Jury selection process itself (*People v Guzman*, 89 AD2d 14, 31, *affd* 60 NY2d 403, *supra; People v Chestnut*, 26 NY2d 481, 490).

Further, under the circumstances in the instant case, we conclude that defendant was not deprived of a fair trial by the

revelations of the prior identification of his photograph made by Police Officer David Crowe and complaining witness Ruth Williams. The remark by the prosecutor during his opening statement briefly alluding to the fact that the above witnesses had previously identified defendant as one of the perpetrators of the robbery did not mention the use of a photographic array. The first revelation of that array came during the cross-examination of Officer Crowe, when defendant's counsel asked him if he had previously viewed his client in a lineup and the officer responded, "Yes. A photo line-up". Therefore, defendant may not assert, on the instant appeal, that he was prejudiced by the revelation of the photographic array, as it resulted from the questioning by his own trial counsel (*People v Brown,* 62 AD2d 715, 724, *affd* 48 NY2d 921). The next reference to the photographic identification occurred during the cross-examination of Ruth Williams by the attorney representing codefendant James Lee, with whom defendant was tried jointly. In response to questioning by Lee's attorney, Ms. Williams stated that she had previously identified a photograph of a perpetrator of the robbery and that she recognized that same individual in the courtroom that day (*cf. People v Shannon,* 92 AD2d 554). The jury was, thus, well aware of the photographic array when Detective Michael Powers, who displayed the photographs to Ms. Williams and Officer Crowe, again revealed that Ms. Williams had identified photographs of two suspects in response to the prosecutor's question, on redirect examination, as to why a lineup had not been arranged for defendant. Moreover, the prosecutor's question, which elicited the challenged response, was perfectly proper to explain the fact, revealed during the cross-examination of the detective by defendant's attorney, that he had arranged a lineup for James Lee but had not done so for defendant (*see, People v Brown,* 62 AD2d 715, 723-724, *supra; cf. People v Melendez,* 55 NY2d 445, 451-453; *People v Lindsay,* 42 NY2d 9, 12-13).

We disapprove of the prosecutor's remarks during his summation which characterized the defense theory of the case as a "conspiracy" by the District Attorney's office, the police department and the prosecution witnesses to convict defendant and Lee (*see, People v Stewart,* 92 AD2d 226; *People v Yant,* 75 AD2d 653; *People v Dennis,* 62 AD2d 1022). However, those remarks do not warrant reversal, in view of the overwhelming evidence of defendant's guilt and the lack of other significant trial errors (*see, People v Brosnan,* 32 NY2d 254, 262; *People v Jones,* 89 AD2d 875). We have considered the other contentions raised by the defense and conclude that they lack merit. Lazer, J. P., Thompson, O'Connor and Niehoff, JJ., concur.