■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN RONALD BENSON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Essex County (Plumadore, J.), rendered May 9, 1984, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant and two codefendants were indicted for murder in the second degree, manslaughter in the first degree, assault in the first degree, assault in the second degree, robbery in the first degree, robbery in the second degree (two counts) and grand larceny in the third degree. These charges stemmed from the beating death of Philip White in the early morning *hours* of October 2, 1983 when defendant and codefendants, after drinking and taking drugs, spied the victim on the stairway of his apartment building and decided to rob him. In

the course of the robbery, the victim was struck on the head several times by defendant and his wallet was taken by a codefendant. Apparently, shortly after the termination of the robbery, the victim was again attacked in a completely unrelated incident involving a person named Mark Greenwood. The case against Greenwood was presented to the Grand Jury, which found "no bill". However, because of the Greenwood incident, defendant was permitted to plead to robbery in the first degree in full satisfaction of the indictment. Defendant accepted this offer on condition that the prosecution refrain from making a sentencing recommendation to the court. Reserving only the right to present evidence at any subsequent sentencing hearing, the prosecutor agreed. Defendant thereupon entered a plea of guilty to robbery in the first degree.

After this plea and prior to the sentencing hearing that he requested, defendant moved for the production of the Grand Jury minutes taken in the presentation of the case against Greenwood. The motion was denied and a sentencing hearing was held in which defendant called 12 witnesses, three or four of whom were investigating officers in the Greenwood case. The prosecutor called no witnesses. On this appeal, defendant urges that it was error to deny him the Grand Jury minutes in the Greenwood case, which he claims constituted *Brady* material (373 US 83). We disagree. Defendant's plea, freely and voluntarily entered to robbery in the first degree, was permitted because the District Attorney recognized the difficulty of separating the assault by defendant and the unrelated assault by Greenwood as the cause of the victim's death. Defendant pleaded guilty only to robbery in the first degree, the acts of which he admitted. He was not prejudiced by the acts of Greenwood, whatever they might have been. Furthermore, by his plea, defendant waived his right of confrontation (*Pointer v Texas*, 380 US 400; *People v Thomas*, 74 AD2d 317, *affd* 53 NY2d 338). In this regard, we find no error in the denial of defendant's motion.

Defendant further seeks reversal of his conviction and sentence due to the prosecutor's failure to keep the plea bargain. At the time of the plea agreement, the record reveals that the District Attorney promised to make no recommendation to the court with reference to sentence. At the conclusion of the sentencing hearing on May 9, 1984, the District Attorney stated to the court that defendant had received all the consideration he deserved in his plea and that defendant should be sentenced "to the maximum term that is allowed".

Thereupon, a bench conference was called by the court and, as a result, the District Attorney withdrew his recommendation as to defendant's sentence and stated that he was taking no position in regard thereto. Despite this change of position, defense counsel excepted to the sentencing of defendant by the court. The court noted the exception and stated that it would not consider the District Attorney's recommendation, which had been withdrawn. Upon defendant's motion to vacate his plea, the court gave him the choice of (1) withdrawing his plea and standing trial on the indictment, (2) "recommencing" sentence before another Judge, or (3) proceeding to sentencing immediately. Defendant elected to proceed to sentencing and received an indeterminate prison sentence of 7 to 21 years on the robbery conviction.

In view of the choices given defendant in the circumstances and his voluntary election of being sentenced, we find no prejudice or any substantial error. Therefore, we affirm the conviction.

Judgment affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.