■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOSEPH DORSEY, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 16, 1984, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

On August 21, 1984, defendant was indicted and charged with burglary in the third degree and grand larceny in the second degree based upon his alleged unlawful entry into a building at 60 South Swan Street in the City of Albany in July 1984. Also, based upon that alleged unlawful entry, defendant was indicted on September 4, 1984 and charged with one count of burglary in the second degree. By indictment dated October 9, 1984, defendant was charged with criminal possession of a forged instrument in the second degree and grand larceny in the third degree. These two charges, totally unrelated to the aforementioned burglary and

---

larceny counts, stemmed from defendant's alleged cashing of a forged check at a supermarket in the Town of Colonie, Albany County, on July 24, 1984.

Defendant pleaded not guilty to all charges against him and, on November 2, 1984, a suppression hearing was conducted. The material sought to be suppressed by defendant related only to the charges contained in the indictment dated October 9, 1984 and was of absolutely no relevance to the burglary and grand larceny counts contained in the August 21 and September 4, 1984 indictments. County Court denied defendant's suppression motion. Thereafter, following plea-bargain negotiations, the People moved to reduce the charge contained in the September 4, 1984 indictment from burglary in the second degree to attempted burglary in the second degree. Pursuant to the plea bargain, defendant entered a guilty plea to that charge in satisfaction of all charges contained in the three indictments against him as well as certain other burglary and grand larceny charges which were then pending against him. County Court sentenced defendant as a second felony offender to 3½ to 7 years' imprisonment.

Defendant has appealed, arguing only that County Court erred in denying his suppression motion. We do not, however, reach the merits of this issue. Under CPL 710.70 (2), "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty". This section should not be read so broadly so as to entitle a defendant who has pleaded guilty in one criminal action to appellate review of the denial of a suppression motion in another criminal action in which no judgment was rendered but which was covered by the plea *(see, People v Davis,* 80 AD2d 767). Here, the suppression motion related only to material germane to the October 9, 1984 indictment; it bore no relation to the charge to which defendant pleaded guilty and for which he was convicted. Since defendant is not entitled as of right to appellate review of his sole argument and since, after examining the record, we perceive no reason to review this issue in the interest of justice, we now affirm his judgment of conviction.

Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.