■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY SHANDLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 25, 1989, convicting him of criminal sale of a prescription for a controlled substance (12 counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a dentist, was indicted for the crime of criminal sale of a prescription for a controlled substance under Penal Law § 220.65 which provides as follows: "A

person is guilty of criminal sale of a prescription for a controlled substance when, being a practitioner, as that term is defined in section thirty-three hundred two of the public health law, he knowingly and unlawfully sells a prescription for a controlled substance. For the purposes of this section, a person sells a prescription for a controlled substance unlawfully when he does so other than in good faith in the course of his professional practice". The individual counts in the indictment allege that the defendant violated Penal Law § 220.65 on various dates in 1987 and 1988, in that he "knowingly and unlawfully sold a prescription for a controlled substance to wit: Percocet". The People's bill of particulars describes the defendant's alleged unlawful acts as follows: "In each instance, the defendant sold (as that term, a term of art, is defined in [Penal Law] § 220.00 [1]) an official New York State prescription (commonly called a 'triplicate'), written for a named ostensible patient, said name being a name other than that of defendant's, to Nuzzi's Pharmacy".

The defendant then moved to dismiss the indictment on the ground that he was alleged to be both the seller and the buyer of the prescriptions, and that the evidence before the Grand Jury was "legally insufficient to establish the elements of the crime". The defendant's motion was denied, and the defendant thereafter pleaded guilty and received a sentence of probation.

In *People v Iannone* (45 NY2d 589), the Court of Appeals stated: "Although it is true that a jurisdictional defect in an indictment is not waived by a guilty plea * * * it is equally true that not every defect in an indictment is a jurisdictional defect * * *. In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime. For example, an indictment will be jurisdictionally defective if the acts it accuses defendant of performing simply do not constitute a crime * * * or if it fails to allege that a defendant committed acts constituting every material element of the crime charged" *(People v Iannone, supra,* at 600).

The indictment in the instant case, as amplified by the bill of particulars, clearly satisfies the standard set forth in *People v Iannone (supra).* Indeed, the defendant's arguments on the instant appeal are instead directed toward the "interpretation or application of the statute" *(People v Levin,* 57 NY2d 1008, 1009) and the sufficiency of the Grand Jury evidence. However, it is well settled that these issues are waived by a plea of guilty *(see, People v Thomas,* 74 AD2d 317, 321, *affd* 53 NY2d 338; *People v Levin, supra; People v Ferrara,* 99 AD2d 257,

259). Nor do the circumstances of this case warrant the exercise of our interest of justice jurisdiction. Accordingly, the judgment of conviction is affirmed. Mangano, P. J., Thompson and Lawrence, JJ., concur.

O'Brien, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum: I disagree with my colleagues that the doctrine of waiver precludes our review of the denial of the defendant's motion to dismiss the indictment. Moreover, even if the doctrine of waiver applies, a reversal in the exercise of our interest of justice jurisdiction is warranted as the defendant's conduct did not constitute the crime for which he was prosecuted.

The defendant, a dentist, was indicted on 18 counts of criminal sale of a prescription for a controlled substance under Penal Law § 220.65. Six counts were later dismissed on the People's motion as the alleged conduct occurred prior to the effective date of the statute. The statute provides that "A person is guilty of criminal sale of a prescription for a controlled substance when, being a practitioner, as that term is defined in section thirty-three hundred two of the public health law, he knowingly and unlawfully sells a prescription for a controlled substance. For the purposes of this section, a person sells a prescription for a controlled substance unlawfully when he does so other than in good faith in the course of his professional practice". (Penal Law § 220.65.) The individual counts in the indictment alleged that the defendant violated Penal Law § 220.65 on various dates in 1987 and 1988 in that he "knowingly and unlawfully sold a prescription for a controlled substance to wit: Percocet". In response to the defendant's demand for a bill of particulars, the People described the alleged unlawful acts as follows: "In each instance, the defendant sold (as that term, a term of art, is defined in Penal Law § 220.00 [1]) an official New York State prescription (commonly called a 'triplicate'), written for a named ostensible patient, said name being a name other than that of defendant's, to Nuzzi's Pharmacy".

The defendant moved to dismiss the indictment on the ground that the alleged conduct was not prohibited by the statute, as the People were alleging that he was both the buyer and seller of the prescriptions, and on the ground that the evidence before the Grand Jury was legally insufficient to establish the elements of the crime. The court denied the defendant's motion, finding that the evidence was sufficient "to show that the defendant wrote certain prescriptions for controlled substances and gave these prescriptions to a phar-

macy" and that such conduct was not done in good faith during the course of the defendant's professional practice. The court concluded that whether or not the defendant allegedly wrote the prescriptions for his own use was irrelevant as the criminal act "is complete when the prescription is sold or given by the practitioner to any other person".

Following the denial of his motion, the defendant pleaded guilty to the remaining 12 counts of the indictment. In his plea allocution, the defendant admitted with respect to each count that he had written a prescription for a controlled substance in the name of a patient, that he had caused the prescription to be filled at a pharmacy, that he had obtained the substance and that he had not given this substance to the named patient. At his sentencing, the defendant reiterated his position that his conduct did not constitute a violation of Penal Law § 220.65 and that this issue would be pursued on appeal. The defendant's claim that he prescribed the drugs for his own consumption was not disputed by the People. The court imposed a sentence of five years' probation, and, upon finding that the defendant had a "drug problem", required him to submit to a substance abuse evaluation as a condition of probation.

My colleagues treat the issue raised by the defendant as a challenge to the legal sufficiency of the factual allegations of the indictment. A challenge to an indictment on that ground is waived by a guilty plea (People v Taylor, 65 NY2d 1), and a defendant cannot avoid the consequences of his plea simply by declaring his intention to preserve the issue for appeal (People v Mack, 53 NY2d 803). However, the defendant raised in his motion the additional claim that the indictment was jurisdictionally defective. The defendant argued that the indictment, as amplified by the bill of particulars, accused him of conduct which did not constitute the crime of the sale of a prescription. "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime. For example, an indictment will be jurisdictionally defective if the acts it accuses defendant of performing simply do not constitute a crime * * * or if it fails to allege that a defendant committed acts constituting every material element of the crime charged" (People v Iannone, 45 NY2d 589, 600). As the claim that an indictment is jurisdictionally defective is not waived by a guilty plea (see, People v Taylor, supra; People v Iannone, supra), the merits of the defendant's motion should be addressed.

Furthermore, contrary to the People's argument, the defen-

dant was not required to withdraw his plea *(see,* CPL 220.60 [3]) or to move to vacate the judgment *(see,* CPL 440.10) in order to preserve this issue for appellate review *(cf., People v Lopez,* 71 NY2d 662; *People v Pellegrino,* 60 NY2d 636). Such a course of action would have been futile as the court had already rejected the defendant's argument that his conduct in causing the prescriptions to be filled did not constitute the "sale" of prescriptions. In any event, even if the doctrine of waiver applied to this case, it is my view that the court should reach the issue in the exercise of its interest of justice jurisdiction because the defendant's conduct did not constitute the "sale" of a prescription.

The People rely on the legislative history of Penal Law § 220.65 to support the argument that the statute encompasses the actions of this defendant. Prior to the enactment of Penal Law § 220.65, the sale of a prescription for a controlled substance was punishable as a misdemeanor under the Public Health Law *(see,* Public Health Law §§ 3304, 3396). Pursuant to the decision by the Court of Appeals in *People v Lipton* (54 NY2d 340), a physician who issued a prescription for a controlled substance, knowing that it would be used for illicit drug trafficking, could not be convicted of the sale of narcotics. The court in *Lipton* concluded that Penal Law § 220.00 (1) which defined "sell" as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same", could not be read so broadly as to include the act of prescribing drugs. The court further noted that a physician who issues a prescription for drugs for his own consumption, albeit in another person's name, assumes the role of a buyer. Such conduct constitutes a purchase of drugs through a false prescription, not a sale *(see, People v Lipton, supra,* at 350).

Penal Law § 220.65 was enacted in response to the decision in *People v Lipton (supra)* to permit the imposition of greater penalties on "drug-peddling" physicians by making the sale of a prescription a felony *(see,* Executive mem, 1986 McKinney's Session Laws of NY, at 3155). Although Penal Law § 220.65 does not require proof that the *drugs* obtained from the prescription were sold, it nevertheless requires proof that the *prescription* was sold. The People argue that, since the prescriptions were given by the defendant to a pharmacy to be filled, such conduct meets the Penal Law definition of a sale. I cannot agree that the definition should be read so broadly as to transform the act of purchasing drugs into a sale. A narrow interpretation of this statute is consistent with the Penal Law in general which treats the buyer of narcotics more leniently

than the seller *(see, People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935). The defendant's admitted conduct may subject him to criminal liability under provisions of the Public Health Law and under other provisions of the Penal Law but, absent any allegation that the defendant caused the prescriptions to be filled for anything other than his own consumption, he acted as a buyer and his conduct did not constitute the "sale of a prescription" under Penal Law § 220.65. Consequently, I would reverse the judgment, grant the defendant's motion and dismiss the indictment.