■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY FRANKLIN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Sullivan County (Vogt, J.), rendered December 5, 1988, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

Defendant was permitted to plead guilty to attempted criminal possession of a forged instrument in the second degree arising out of his indictment of criminal possession of a forged instrument in the second degree (three counts), petit larceny (three counts) and criminal possession of stolen property in the fifth degree (three counts). He was sentenced as a second felony offender to a term of 1½ to 3 years' imprisonment.

On his appeal herein defendant, *pro se,* raises the insufficiency of his plea allocution; the failure of the prosecution to give him notice of the Grand Jury proceeding; his illegal detention for three days before arraignment on the indictment; and the severity of the sentence imposed. Defendant's appellate counsel filed a brief pursuant to *Anders v California* (386 US 738) in which it was conceded that there are no nonfrivolous issues that might be raised on defendant's behalf. We agree.

The plea allocution fully apprised defendant of the effect of his plea and the rights he would be waiving thereby. The plea forfeited defendant's right to raise the issue of lack of notice of the Grand Jury proceeding that indicted him *(see, People v Roberson,* 149 AD2d 926, *lv denied* 74 NY2d 746), and also the issue of his illegal detention *(see, People v Homer,* 87 AD2d 687). The sentence imposed was the sentence agreed upon as part of the plea bargain and in the absence of any abuse of discretion will not be disturbed. Accordingly, the application for leave to withdraw by defense counsel should be granted and the judgment of conviction affirmed.

Judgment affirmed, and application to be relieved of assignment granted. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.