■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO E. ARISTUD, Appellant. (Appeal No. 1.) [744 NYS2d 753] —Appeal from a judgment of Steuben County Court (Purple, Jr., J.), entered April 24, 1998, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the second degree.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO E. ARISTUD, Appellant. (Appeal No. 2.) [744 NYS2d 919] —Appeal from a judgment of Steuben County Court (Purple, Jr., J.), entered April 24, 1998, convicting defendant upon his plea of guilty of bail jumping in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on count one of the indictment and as modified the judgment is affirmed and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant's guilty plea "forecloses any challenge to the legal sufficiency of the evidence before the Grand Jury" on the charge of criminal possession of a controlled substance in the second degree (*People v Lawrence,* 273 AD2d 805, 805, *lv denied* 95 NY2d 867; *see People v Shandler,* 168 AD2d 648, 649-650, *affd* 78 NY2d 986). We reject defendant's contention that the imposition of a consecutive sentence on the count of bail jumping in the first degree (Penal Law § 215.57) renders the sentence unduly harsh or severe. We conclude, however, that the sentence of imprisonment of 1½ to 3 years imposed on the count of bail jumping in the first degree must be vacated. As a second felony offender, defendant cannot be sentenced to a term of imprisonment of less than 2 to 4 years on that class D felony (*see* § 70.06 [3] [d];

[4] [b]), and thus the sentence imposed on that count is illegal (*see People v Price*, 140 AD2d 927, 928). We therefore modify the judgment in appeal No. 2 by vacating the sentence imposed on count one of the indictment and remit the matter to Steuben County Court so that defendant may withdraw his guilty plea and proceed to trial, or be resentenced in compliance with the statute (*see id.*). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.