People v Rivera (2022 NY Slip Op 00038)





People v Rivera


2022 NY Slip Op 00038


Decided on January 5, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
CHERYL E. CHAMBERS
WILLIAM G. FORD, JJ.


2019-04124
 (Ind. No. 18-00225)

[*1]The People of the State of New York, respondent,
v
Joemy R. Rivera, appellant.


Kenyon C. Trachte, Newburgh, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered December 21, 2018, convicting him of gang assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the record does not demonstrate that the waiver was made knowingly, intelligently, and voluntarily (see People v Bradshaw, 18 NY3d 257, 264). The County Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545; People v Brenner, 193 AD3d 875). Further, the written waiver of the right to appeal and an on off-the-record conversation with the defendant's counsel are not sufficient to uphold the waiver, as they are not permissible substitutes for the court's proper apprisal of the nature and scope of the appeal waiver (see People v Stinson, 189 AD3d 1271; People v Neilson, 167 AD3d 779, 780). In addition, the written waiver of the right to appeal also mischaracterizes the nature of the waiver as an absolute bar to the taking of a direct appeal (see People v Bisono, 36 NY3d at 1015-1016; People v Thomas, 34 NY3d at 566; People v Brenner, 193 AD3d at 875). Thus, the purported waiver does not preclude appellate review of the defendant's claim that his absolute right to be present at all material stages of the proceedings was violated (see People v Fuller, 163 AD3d 715).
The defendant waived his right to contest the purported violation of his right to be present at all material stages of his trial by pleading guilty. "As a general rule, a plea of guilty, intelligently and voluntarily entered, operates as a waiver of certain fundamental constitutional defects and bars the later assertion of constitutional challenges to pretrial proceedings" (People v Thomas, 74 AD2d 317, 319, affd 53 NY2d 338 [citations omitted]; see Tollet v Henderson, 411 US 258; People v Best, 89 AD2d 1018; see also Parker v North Carolina, 397 US 790; McMann v Richardson, 397 US 759; Brady v United States, 397 US 742).
AUSTIN, J.P., DUFFY, BARROS, CHAMBERS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court